**CSH RESTAURANT GROUP, INC., Jeffrey Bruce Cohen and Jill Nathanson Cohen, Appellants**

v.

**GENERAL ELECTRIC CAPITAL BUSINESS ASSET FUNDING CORPORATION, Appellee.**

No. 05–03–01455–CV.

Court of Appeals of Texas, Dallas.

Sept. 27, 2004.

---

Bryan Keith Gallerson, Springer & Gallerson, Inc., Plano, for Appellants.

Michael Kelsheimer, Looper, Reed & McGraw P.C., and Paul B. Geilich, Dallas, for Appellee.

Before Justices MORRIS, WHITTINGTON and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a summary judgment in favor of General Electric Capital Business Asset Funding Corporation against CSH Restaurant Group, Inc. General Electric filed suit against CSH alleging claims for breach of contract based on CSH's alleged default on the payment of two promissory notes secured by fixtures and equipment. Individual defendants were sued as guarantors. After reviewing the summary judgment record, we conclude the proof submitted by General Electric in support of its motion for summary judgment is conflicting on critical issues of fact. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings.

To succeed on its motion for summary judgment, General Electric had the burden of demonstrating that no genuine issues of material fact existed and it was entitled to judgment as a matter of law. *See Nixon v. Mr. Prop. Mgmt. Co.* 690 S.W.2d 546, 548 (Tex.1985). In support of its motion, General Electric submitted an affidavit explaining both the terms of the two promissory notes at issue and the alleged defaults. Attached as exhibits to the affidavit were copies of the notes. Appellants contend, in their sole point of error, that there are significant discrepancies among the facts alleged in General Electric's amended motion for summary judgment, the facts testified to in the supporting affidavits, and the facts shown by the notes themselves. Appellants further contend that these discrepancies create genuine issues of material fact. We agree.

The critical flaw in the summary judgment proof is that the affidavit submitted by General Electric as the sole evidence of default and damages neither supports the assertions of fact made in the summary judgment motion nor is itself supported by the documents attached to it. The affidavit describes the first note in default, Note One, as a note dated February 7, 2001, in the amount of $375,000 with payments to begin on January 3, 2000. The note attached to the affidavit dated February 7, 2001, is in the amount of $345,333 with payments to begin on March 7, 2001.[1] The

---

1. Although the affidavit states that Note One is attached as "Exhibit A," Exhibit A is actually the second note at issue in this case, Note

motion for summary judgment describes Note One as being in the amount of $375,000 with payments to begin on November 30, 2001.

The second note, Note Two, is described by the affidavit as being dated October 31, 2001, in the amount of $345,333 with payments to start on January 3, 2000. The October 31, 2001 note attached to the affidavit is in the amount of $375,000 with payments to begin on November 30, 2001. The motion states that Note Two is in the amount of $345,333 with payments to begin on March 7, 2001.

The internal discrepancies in the proof submitted by General Electric concern some of the most critical aspects of its case, including the total amounts owed under the notes and the commencement dates of the payments. Because of the conflicts in the summary judgment evidence, it is not possible to determine such fundamental facts as the outstanding amounts owed by appellants under the notes. We conclude, therefore, that General Electric did not establish its entitlement to summary judgment. We reverse the trial court's judgment and remand this matter for further proceedings.

Two. Note One is attached to the affidavit as